[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12903
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cr-00061-MW-MAF-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD SAFFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 28, 2021)

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Leonard Safford appeals his above-guideline sentence as substantively

unreasonable. He was convicted of eight counts of possessing and training a dog for

dog fighting and one count of conspiracy to exhibit dogs in and train dogs for dog fighting. The district court sentenced him to 48 months, a seven-month upward variance. Safford argues that the district court erred by basing the upward variance on aggravating factors that the Guidelines already accounted for, by not considering mitigating factors, and by failing to give "real weight" to the Guidelines.

"[O]nly the rare sentence … will be substantively unreasonable." *United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018). We review substantive reasonableness for abuse of discretion, considering the sentence "in light of the totality of the circumstances and the § 3553(a) factors." *United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016) (citations omitted). In imposing a sentence, a district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court commits a clear error of judgment only if we are "left with the definite and firm conviction" that a sentence "lies outside the range of reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936 (quoting *Irey*, 612 F.3d at 1190).

The party challenging the sentence carries the burden of establishing that the sentence is unreasonable, *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.

2

2010), and we give deference to the district court's decision that the Section 3553(a) factors justify the sentence, *Irey*, 612 F.3d at 1187. Also, the weight given to each factor lies within the district court's discretion, and it may reasonably attach great weight to a single factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). The district court need not even discuss each Section 3553(a) factor. *Id.* at 1326. Acknowledging that it considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

The district court may impose an upward variance based on the Section 3553(a) factors. *See, e.g., United States v. Overstreet*, 713 F.3d 627, 637–38 (11th Cir. 2013). And we may not presume a sentence outside the guidelines is unreasonable. *Irey*, 612 F.3d at 1187. As a specific example, the district court may impose an upward variance if it concludes that the guideline range was insufficient because of the defendant's criminal history. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016). That is true even though a defendant's criminal history factors in when calculating the correct guidelines range. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1264 (11th Cir. 2015). Indeed, "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed," *id.* at 1261, and "criminal history [can be] sufficiently compelling to justify … an upward variance above th[e] guidelines range," *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

3

Here, the sentence was not substantively unreasonable. Safford argues that the district court did not give "real weight" to the Guidelines and that the sentence did not "adequately reflect the Guidelines' policy statements and underlying concerns." But the district court repeatedly referred to the Guidelines and specifically cited the commentary for the guideline applying to Safford's offense. That commentary explicitly declared that sometimes "the offense level determined under this guideline [may] substantially understate[] the seriousness of the offense." U.S.S.G. § 2E3.1(a)(1) cmt. n.2. For example, a higher sentence might be warranted if "the offense involved extraordinary cruelty to an animal beyond the violence inherent in" dog fighting or if "the offense involved animal fighting on an exceptional scale (such as an offense involving an unusually large number of animals)." *Id.*

In deciding that this was a case for which the guideline did indeed "substantially understate[] the seriousness of the offense," the district court properly weighed the Section 3553(a) factors. As stated above, it noted the guideline sentencing range and the Guidelines' commentary. 18 U.S.C. § 3553(a)(4)–(5). Additionally, it explained that the sentence was based on the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), such as the duration of the dog fighting enterprise, the number of dogs involved, and the extent of the abuse apart from the dog fighting. The guideline range does not account for those facts as Safford argues. *See* U.S.S.G. § 2E3.1(a)(1) cmt. n.2. And even if it did, a district court can

rely on factors that the Guidelines also consider in deciding to vary because the Guidelines "maintain[] flexibility sufficient to individualize sentences." *United States v. Booker*, 543 U.S. 220, 264–65 (2005); *cf. United States v. Early*, 686 F.3d 1219, 1222 (11th Cir. 2012) (allowing consideration of criminal history even though criminal history already impacts the recommended guideline range).

The district court also relied on Safford's criminal history, specifically his recidivism. It reasoned that a longer prison sentence was needed to deter Safford and protect the public from his further crimes, 18 U.S.C. § 3553(a)(2)(B)–(C), because he had already been to prison multiple times and "it didn't do the trick," *see Osorio-Moreno*, 814 F.3d at 1288 (affirming a district court's upward variance based on a defendant's criminal history because that history showed "that a lengthy sentence was necessary to promote deterrence and respect for the law"); *Overstreet*, 713 F.3d at 637–38 (explaining that unrelated criminal history is relevant to the "history and characteristics of the defendant, and the need for the sentence to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant." (cleaned up)).

The district court also mentioned that the upward variance was needed to "reflect the seriousness of the offense," 18 U.S.C. § 3553(a)(2)(A), which was a "significant offense" because it showed that Safford was "willing to torture, literally torture another living thing." Finally, the district court noted that an upward variance

5

was necessary to avoid unwarranted disparities. 18 U.S.C. § 3553(a)(6). And the sentence was below the statutory maximum, which indicates that the sentence was reasonable. *Early*, 686 F.3d at 1222.

Nor does Safford's argument that the district court did not consider mitigating factors, such as Safford's apology and his sister's statement, show otherwise. A district court's failure to discuss mitigating evidence does not mean that the district court ignored that evidence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Here the district court heard the mitigating evidence, considered all of the Section 3553(a) factors, and then explained the reasons for its sentence at length. That explanation does not rely on anything improper and shows no clear error of judgment. The district court did not abuse its discretion in applying an upward variance and sentencing Safford to 48 months.

**AFFIRMED.**